1      **UNITED STATES DISTRICT COURT**

2                      **FOR**

3      **THE MIDDLE DISTRICT OF ALABAMA**

4            **NORTHERN DIVISION**

5

6

7

8   UNITED STATES OF AMERICA                    DOCKET NUMBER:

9          VS.                              2:03-CR-49-MHT

10  ZACHERY W. HOLLEY

11

12

13

14                          PETITION FOR
                            REVOCATION
15

16

17

18              * * * * * * * * * * * *

19

20

21  HEARD BEFORE:  The Hon. Myron H. Thompson

22  HEARD ON:      May 9, 2012

23  HEARD AT:      Montgomery, Alabama.

24  APPEARANCES:   Andrew O. Schifff, Esq.

25                 Carly B. Wilkins, Esq.

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334) 313-7185 / mitchellreisner@yahoo.com

1   WHEREUPON, THE FOLLOWING PROCEEDINGS WERE HEARD BEFORE THE HON.
MYRON H. THOMPSON ON MAY 9, 2012 AT THE UNITED STATES COURTHOUSE
2   IN MONTGOMERY, ALABAMA:

3          COURTROOM DEPUTY CLERK ANTHONY GREEN:  All rise.

4          United States District Court for the Middle District of

5   Alabama is now open according to law.  The Honorable Myron H.

6   Thompson, presiding.

7          You may be seated.

8          THE COURT:  The Court calls the case of *United States*

9   *of America vs. Zachery W. Holley*, criminal action number zero

10   three C R forty-nine M. H. T.

11          Who represents the United States?

12          MR. SCHIFF:  Andrew Schiff, Assistant United States

13   Attorney, Your Honor.

14          THE COURT:  And who represents Mr. Holley?

15          MS. WILKINS:  Carly Wilkins, Your Honor.

16          THE COURT:  Okay.  Ms. Wilkins, will you and Mr. Holley

17   stand at the lectern, please.

18          We're here on a revocation petition.  What Mr. Holley

19   is accused of violating the conditions of supervised release.

20   How does he plead, guilty or not guilty?

21          THE DEFENDANT:  Guilty, Your Honor.

22          THE COURT:  Okay.  Before I can accept your guilty plea

23   there are some questions that I'll have to ask you to assure

24   myself that your plea is valid.  If at any time you don't

25   understand a question, or if at any time you wish to consult

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334) 313-7185 / mitchellreisner@yahoo.com

```
 1   with your attorney please say so since it is essential to a
 2   valid plea that you understand each question before you answer
 3   it.
 4           Now the clerk will swear in Mr. Holley.
 5                   Z A C H E R Y   W.   H O L L E Y,
 6       the defendant herein, having first been duly sworn or
 7   affirmed to tell the truth, was examined and testified as
 8   follows:
 9           THE COURT:  Mr. Holley, do you understand that having
10   been sworn, your answers to my questions will subject you to the
11   penalties of perjury or of making a false statement if you fail
12   to answer the questions truthfully?
13   A.  Yes, sir.
14           THE COURT:  Now what is your full name?
15   A.  Zachery Holley.
16           THE COURT:  How far did you go in school?
17   A.  I have one year of college.
18           THE COURT:  One year of college?
19   A.  Yes, sir.
20           THE COURT:  And what is your age?
21   A.  Thirty-seven.
22           THE COURT:  Then you're able to read, write and
23   understand the English language?
24   A.  Yes, sir.
25           THE COURT:  Now have you recently seen a physician or a
```

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334)  313-7185 / mitchellreisner@yahoo.com

1    psychiatrist?

2    A.   I seen a physician, sir.

3            THE COURT:  What did you see a physician about?

4    A.   Medical problems.  Acid reflux.

5            THE COURT:  Acid reflux?

6    A.   Yes, sir.

7            THE COURT:  Have you recently been hospitalized or

8    treated for any type narcotics addiction?

9    A.   No, sir.

10           THE COURT:  Are you now under the influence of any

11   drugs or alcohol?

12   A.   No, sir.

13           THE COURT:  Are you suffering from any type mental or

14   physical disability?

15   A.   No, sir.

16           THE COURT:  Now, Ms. Wilkins, do you know of any reason

17   to doubt Mr. Holley's competency to enter a plea of guilty?

18           MS. WILKINS:  No, Your Honor.

19           THE COURT:  Mr. Schiff, do you?

20           MR. SCHIFF:  No, Your Honor.

21           THE COURT:  Based on the representations made to the

22   Court and the Court's own personal observation, the Court finds

23   that the defendant, Zachery W. Holley, is competent to enter a

24   plea of guilty.

25           Now, is there a plea agreement?

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334)  313-7185 / mitchellreisner@yahoo.com

1          MS. WILKINS:  Yes, Your Honor, we have a written *Plea*

2     *Agreement*.

3          THE COURT:  State the *Plea Agreement*.

4          MS. WILKINS:  Your Honor, the Government's provisions

5     are upon entering a plea of guilty by the defendant to the four

6     violations charged, the Government will agree to the appropriate

7     sentence.  The maximum allowed, twenty-four, less any time

8     served.  On the previous revocation in the criminal case I think

9     that's fifty-eight days.

10         The Government agrees that no other federal charges

11    will be brought against the defendant within the Middle District

12    of Alabama arising out of the conduct at issue and the amended

13    provisions of supervised release.

14         Defendant's provisions that he agrees to plead guilty

15    to the four offenses in the amended petition and waive his right

16    to an evidentiary hearing, and he agrees that the appropriate

17    sentence of imprisonment for the supervised release violations

18    is the maximum allowed by statute, twenty-four months less the

19    time served on the previous revocation, which is the fifty-eight

20    days.

21         THE COURT:  Okay.  Is that an accurate summary of the

22    *Plea Agreement*, Mr. Schiff?

23         MR. SCHIFF:  It is, Your Honor.

24         THE COURT:  What's Probation's position with regard to

25    the *Plea Agreement*?

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334) 313-7185 / mitchellreisner@yahoo.com

1          THE PROBATION OFFICER:  Your Honor, Probation agrees.

2          THE COURT:  Why should I accept this *Plea Agreement*?

3          MS. WILKINS:  Your Honor, we feel this is a fair *Plea*

4   *Agreement*.  He was previously under -- We believe this is a fair

5   and valid *Plea Agreement* in this case.

6          THE COURT:  Why?

7          MS. WILKINS:  The Government is agreeing that no other

8   federal charges would be brought against the defendant based on

9   the current petition.  The defendant was found at a hotel room

10  at the time of his arrest.  There were two firearms found at the

11  hotel room, and he is a felon, Your Honor.

12         THE COURT:  So as a result of this *Plea Agreement* he

13  will not be charged with being a felon in possession of a

14  firearm?

15         MS. WILKINS:  Yes, Your Honor.

16         THE COURT:  My main concern is, he won't receive any

17  additional supervised release.  Why should I agree to that?

18         MS. WILKINS:  Your Honor, the Probation believes that

19  there's -- that the time served within the imprisonment is an

20  adequate amount of time, and that once he is released from

21  imprisonment there is no need for supervision.

22         THE COURT:  Now he is to receive two years, a two year

23  sentence less fifty-eight days?

24         MS. WILKINS:  Yes, Your Honor.

25         THE COURT:  Why is that adequate?

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334)  313-7185 / mitchellreisner@yahoo.com

1    MS. WILKINS:  I believe it covers the severity of the

2    offenses and the violation.  There were two handguns in the

3    hotel room.  He was not in possession of them, there was

4    constructive possession.  There was also a failure to follow the

5    probation officer's instructions, and a failure to report for

6    drug testing.  And I think the two year statutory maximum is

7    adequate.  Is more than adequate, Your Honor.

8    THE COURT:  Mr. Schiff, why should I go along with this

9    *Plea Agreement*?

10   MR. SCHIFF:  Your Honor, in terms of the adequacy of

11   the sentence, this is the maximum sentence permitted by the

12   revocation statute.

13   In terms of not permitting a term of additional

14   supervised release, Mr. Holley has already been on supervised

15   release and within the short time, within the months that he's

16   been on supervised release has already violated and had this is

17   the second time he's had a supervised term revoked.

18   So an additional supervised release term, to the

19   Government's view, does not seem to be -- to serve any goals

20   that could not be satisfied by simply a term of imprisonment.

21   And then, whatever drug treatment the Bureau of Prisons deems

22   appropriate, he can get through that facility.

23   THE COURT:  Okay.  Probation?

24   THE PROBATION OFFICER:  As Mr. Schiff stated, Your

25   Honor, Mr. Holley has -- he began supervision originally in

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334)  313-7185 / mitchellreisner@yahoo.com

1   April of two thousand eight.  Shortly thereafter in August of

2   the same year he received -- he was charged and convicted of two

3   counts of unlawful distribution of controlled substances.

4           He served time in the State, in the Department of

5   Corrections, came back out in February -- I'm sorry, on

6   September twenty-eighth he was sentenced to time served and

7   placed back on supervised release.  He was a candidate for the

8   Reentry Court.  We placed him in that program.  He was resistant

9   at first.  I had a former graduate of the program talk to him,

10  and after discussing the program Mr. Holley agreed that it might

11  be good for him.

12          He observed the first meeting as is required of all our

13  participants, and then his first official time in the program in

14  November he was sanctioned to custody because he had tested

15  positive for methamphetamine.  He continued to test positive,

16  and he was able to go into residential treatment in January.

17          Again, he asked for the treatment, but he failed to

18  report to the facility the first two dates he was given at a

19  proper time.  He eventually did report and completed the

20  twenty-one day program at the Chemical Addictions Program and

21  immediately began intensive outpatient.

22          He admitted to me that three days out of residential

23  treatment he started using meth again, and affiliating with the

24  people that had the meth.

25          Mr. Holley has to make a choice, and he is not making

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334) 313-7185 / mitchellreisner@yahoo.com

1    the right choices and he's not staying away from the people and

2    places that cause him to get into trouble.  And we have

3    repeatedly attempted to give him the resources that would help

4    him.  And while he was incarcerated, he went through a program

5    in the Department of Corrections that is an excellent program

6    that was developed by the National Institute of Corrections,

7    it's called Thinking for a Change.  It's a cognitive behavioral

8    program that's twenty-five weeks long.

9            Mr. Holley informed me when he came out of prison this

10    second time from the state prison, that he learned a lot from

11    that program, and that he could teach it, he had learned so much

12    from it, and it would help him.  Even with that tool, and it is

13    an excellent program, he's made wrong choices and he continues

14    to do that.  I don't know what else Probation can do for Mr.

15    Holley.

16            THE COURT:  Okay.  Anything else, Counsel?

17            The Court accepts the *Plea Agreement*.

18            Now, is this sentence an agreed-upon sentence or is it

19    a recommendation?

20            MR. SCHIFF:  It's an agreed-upon revocation sentence.

21            THE COURT:  Okay.  Now, Mr. Holley, have you had ample

22    time to discuss your case with your attorney, Ms. Wilkins?

23    A.  Yes, sir.

24            THE COURT:  Are you satisfied with her representation?

25    A.  Yes, sir, I am.

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334)  313-7185 / mitchellreisner@yahoo.com

1          THE COURT:  Now do you understand that under the

2    *Constitution* and laws of the United States you're entitled to a

3    hearing on whether you violated the conditions of supervised

4    release?  Do you understand that?

5    A.  Yes, sir.

6          THE COURT:  Do you further understand that at that

7    hearing you could persist in your plea of not guilty throughout

8    the proceedings?  Do you understand that?

9    A.  Yes, sir.

10         THE COURT:  Do you further understand that at that

11   hearing you would be presumed to be innocent, and the Government

12   would be required to prove you guilty by competent evidence

13   before you could be found guilty and you would not have to prove

14   that you were innocent?  Do you understand that?

15   A.  Yes, sir.

16         THE COURT:  Do you further understand that in the

17   course of such hearing witnesses for the Government would have

18   to come to court and testify in your presence, and your counsel,

19   or you if you refused counsel, could cross examine witnesses for

20   the Government, object to evidence offered by the Government and

21   offer in evidence your own behalf, including calling your own

22   witnesses and presenting your own evidence?  Do you understand

23   that?

24   A.  Yes, sir.

25         THE COURT:  Do you further understand that you would

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334)  313-7185 / mitchellreisner@yahoo.com

1  have the right during such a hearing to the assistance of
2  counsel throughout the proceedings, and appointed counsel would
3  represent you if you could not afford counsel?
4  A.  Yes, sir.
5         THE COURT:  Do you further understand that at such a
6  hearing, while you would have the right to testify if you chose
7  to do so, you would also have the right not to testify and no
8  inference or suggestion of guilt could be drawn from the fact
9  that you did not testify?
10 A.  Yes, sir.
11        THE COURT:  Do you further understand that if you plead
12 guilty and I accept your plea, that you'll waive your right to
13 such a hearing, and you'll waive also the other rights that I've
14 discussed with you, and there will be no such hearing and I'll
15 enter a judgment of guilty and sentence you on the basis of your
16 guilty plea after considering your *Presentence Report*
17 essentially based on your *Plea Agreement*?  Do you understand
18 that?
19 A.  Yes, sir.
20        THE COURT:  Do you further understand that if you plead
21 guilty, that you also have to waive your right not to
22 incriminate yourself since either I or your attorney, Ms.
23 Wilkins, or Mr. Schiff will ask you questions about what you did
24 in order to satisfy me that you are in fact guilty as charged,
25 and you will have to acknowledge your guilt?

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334)  313-7185 / mitchellreisner@yahoo.com

1    A.  Yes, sir.

2          THE COURT:  Now having discussed your rights with you,

3    do you still want to plead guilty?

4    A.  Yes, sir.

5          THE COURT:  Have you received a copy of the revocation

6    petition?

7    A.  Yes I have, sir.

8          THE COURT:  Have you discussed in detail with Ms.

9    Wilkins all the charges contained in the petition?

10   A.  Yes, Your Honor.

11         THE COURT:  Now the petition has -- the petition

12   charges that you violated the condition that "The defendant

13   shall not commit another federal, state or local crime," and the

14   petition charges that on March eight, two thousand twelve you

15   possessed, or constructively possessed, a Tars P. T. nineteen

16   eleven A R firearm, forty-five caliber ammunition, and/or a

17   Glock twenty-seven firearm, forty caliber ammunition in

18   violation of Section nine two two G of Title Eighteen of the

19   *United States Code*.  In other words, you are charged here with

20   violating -- with being a felon in possession of a firearm.  Do

21   you understand that?

22   A.  Yes, sir.

23         THE COURT:  The petition further charges that you

24   violated the condition of supervision that says, "The defendant

25   shall not possess a firearm, ammunition, destructive device or

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334)  313-7185 / mitchellreisner@yahoo.com

```
1   any other dangerous weapon," and that on March eighth as I've
2   indicated you possessed the Tars P. T. and the Glock
3   twenty-seven firearms.  Do you understand that?
4   A.  Yes, sir.
5            THE COURT:  In other words, you were not to possess a
6   firearm and you did.  Do you understand that?
7   A.  Yes, sir.
8            THE COURT:  The petition further charges that you shall
9   answer truthfully all inquiries made by the probation officer,
10  and follow the instructions of the probation officer.  And the
11  petition charges that on October four, two thousand eleven you
12  were instructed to participate in the Probation Office's random
13  drug testing color code program.  You acknowledged your
14  understanding of the program with your signature on the
15  substance *Abuse Testing Requirement* form Phase One, and that on
16  February twenty-seven, two thousand twelve you failed to appear
17  for drug testing as instructed by your probation officer.
18            On February twenty-eight, two thousand twelve you left
19  a voice message on -- or your probation officer left a voice
20  message on your cellular telephone instructing you to report for
21  drug testing, which you failed to do.
22            Finally, the petition charges that you shall
23  participate in a program approved by the United States probation
24  officer for substance abuse, which may include testing to
25  determine whether you have reverted to the use of drugs.  And
```

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334) 313-7185 / mitchellreisner@yahoo.com

1    the petition charges that on February twenty-seven, two thousand

2    twelve, as I indicated earlier, you failed to appear for drug

3    testing.

4            Now the maximum possible penalty that you could receive

5    would be a sentence of no more than two years less fifty-eight

6    days.  Do you understand that?

7    A.  Yes, sir.

8            THE COURT:  Do you further understand that the United

9    States Sentencing Commission has issued guidelines for judges to

10   follow in determining the sentence in a criminal case?

11   A.  Yes, sir.

12           THE COURT:  Now have you and your attorney talked about

13   how these guidelines might apply to your case absent your *Plea*

14   *Agreement*?

15   A.  Yes, sir.

16           THE COURT:  Do you understand that the Court would

17   first determine the guidelines sentence for your case after a

18   *Presentence Report* had been completed, and then you and the

19   Government would have an opportunity to challenge the facts

20   reported by the probation officer and that the sentence imposed

21   might be different from any estimate your attorney may have

22   given you?  Do you understand that?

23   A.  Yes, sir.

24           THE COURT:  Do you further understand that after it's

25   been determined what guideline applies your case, the Court has

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334)  313-7185 / mitchellreisner@yahoo.com

1    the authority in some circumstances to impose a sentence that is

2    more severe or less severe than the sentence range called for by

3    the guidelines?

4    A.   Yes, sir.

5            THE COURT:   Do you further understand that under some

6    circumstances you or the Government may have the right to appeal

7    any sentence that I impose?

8    A.   Yes, sir.

9            THE COURT:   Do you further understand that parole has

10   been abolished, and that if you are sentenced to prison you will

11   not be released on parole?

12   A.   Yes, sir.

13           THE COURT:   Do you further understand that if the

14   sentence is more than you expected, you will still be bound by

15   your plea and you'll have no right to withdraw it other than you

16   would have a right to withdraw your plea if I did not comply

17   with the *Plea Agreement*.   Do you understand that?

18   A.   Yes, sir.

19           THE COURT:   Has anyone threatened you or threatened

20   anyone else or forced you in any way to plead guilty?

21   A.   No, sir.

22           THE COURT:   Has anyone made any promise, other than the

23   *Plea Agreement* that induced you had to plead guilty?

24   A.   No, sir.

25           THE COURT:   Has anyone made any prediction, prophecy or

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334)  313-7185 / mitchellreisner@yahoo.com

```
1    promise to you as to what your sentence would be other than the
2    Plea Agreement?
3    A.  No, sir.
4            THE COURT:  Now at this time I ask that either Ms.
5    Wilkins or Mr. Schiff provide me with a factual basis for the
6    plea.
7            MR. SCHIFF:  You want us to ask the typical questions
8    of the defendant?
9            THE COURT:  Yes.
10           MR. SCHIFF:  Sir, on or about March eighth, two
11   thousand and twelve, were you found at the Alabama Hotel on
12   Monticello Drive in Montgomery?
13   A.  Yes, sir.
14           MR. SCHIFF:  And at that time when the agents came into
15   the room, did they ask you to identify the locations of any gun?
16   A.  Yes.
17           MR. SCHIFF:  And did you point to a nightstand that was
18   located next to the bed?
19   A.  Yes.
20           MR. SCHIFF:  And do you agree that the agents opened
21   the drawer and, in fact, there was a firearm inside the
22   nightstand?
23   A.  Yes, sir.
24           MR. SCHIFF:  And you also found our Alabama non-driver
25   identification in that same drawer?
```

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334) 313-7185 / mitchellreisner@yahoo.com

```
1   A.  Yes.
2           MR. SCHIFF:  And does the Defense stipulate that the
3   firearm traveled in interstate commerce?
4           MS. WILKINS:  Yes.
5           MR. SCHIFF:  Your Honor, I believe that's sufficient
6   for --
7           THE COURT:  Was the gun yours?
8   A.  No, sir.
9           THE COURT:  If the gun wasn't his how can I accept his
10  plea?
11          MR. SCHIFF:  Your Honor, I believe under the concept of
12  constructive possession --
13          THE COURT:  Did you have any control over -- Did you
14  know the gun was there?
15  A.  Yes, sir.
16          THE COURT:  How did you know it was there?
17  A.  I put my I D along with my money inside that nightstand.
18          THE COURT:  And to whom did the gun belong?
19  A.  Joshua Summers.
20          THE COURT:  Pardon me?
21  A.  Joshua Summers.
22          MS. WILKINS:  Another person that was in the room at
23  the time.
24          THE COURT:  Okay.  Had you ever handled the gun or done
25  anything with it?
```

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334)  313-7185 / mitchellreisner@yahoo.com

```
1    A.  No, sir.
2            THE COURT:  How is he guilty of being a felon in
3    possession, Mr. Schiff?
4            MR. SCHIFF:  Your Honor, I believe constructive
5    possession includes the concept of being able -- being in a
6    position to exercise dominion and control over a firearm.  The
7    defendant was literally in the bed next to the nightstand.
8            THE COURT:  Were you aware the gun was there?
9    A.  Yes, sir.
10           THE COURT:  And constructive possession is what, now?
11           MR. SCHIFF:  I believe it's the ability to exercise
12   dominion and control over a firearm, even if it's not your own
13   personal weapon.  And given the proximity of the defendant to
14   the weapon --
15           THE COURT:  Do you have to have some willingness to
16   exercise that control at some point in time?
17           MR. SCHIFF:  I believe the Eleventh Circuit law is that
18   you have to have the intent to exercise control over the
19   firearm.
20           THE COURT:  Move on to the other offenses.  Ask
21   questions about those.
22           MR. SCHIFF:  Okay.
23           Sir, on October fourth, two thousand and eleven were
24   you instructed to participate in the Probation Office's random
25   drug testing color code program?
```

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334)  313-7185 / mitchellreisner@yahoo.com

```
1   A.  Yes, sir.

2       MR. SCHIFF:  And did you sign the Substance Abuse

3   Testing Requirement form?

4   A.  Yes, sir.

5       MR. SCHIFF:  And on February twenty-seventh -- or prior

6   to February twenty-seventh, two thousand and twelve had you been

7   instructed to appear for drug testing?

8   A.  Yes, sir.

9       MR. SCHIFF:  And did you, in fact, fail to appear

10  knowing that you were supposed to appear?

11  A.  Yes, sir.

12      MR. SCHIFF:  And on February twenty-eighth, two

13  thousand twelve did you receive a voice mail message from the

14  probation officer instructing you to report for your drug

15  testing?

16  A.  Yes, sir.

17      MR. SCHIFF:  And again, did you, in fact, fail to

18  report for the drug testing?

19  A.  Yes, sir.

20      MR. SCHIFF:  Your Honor, I believe that covers

21  violations number three and four.

22      THE COURT:  Okay.

23      MR. SCHIFF:  Sir, at the time, were you residing in

24  Montgomery, Alabama?

25  A.  Yes.
```

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334) 313-7185 / mitchellreisner@yahoo.com

```
 1              MR. SCHIFF:  Okay.

 2              THE COURT:  Just a minute, Mr. Schiff.  I want to check

 3     on this constructive possession matter.

 4              MR. SCHIFF:  Okay.

 5              THE COURT:  Ms. Wilkins, what do you understand

 6     "constructive possession" to be?

 7              MS. WILKINS:  Your Honor, the defendant has

 8     constructive possession if he exercises ownership, dominion or

 9     control over the firearm; he has the power to exercise dominion

10     and control --

11              THE COURT:  Well my concern is -- Okay, what are you

12     reading from?

13              MS. WILKINS:  An Eleventh Circuit case, United States

14     v. Gavin.

15              THE COURT:  My concern is whether he had the intent to

16     exercise control.  He was in the room with the gun, but there is

17     no evidence he wanted to take possession of it.  I'm concerned

18     whether it can be constructive.

19              MS. WILKINS:  Your Honor, the next sentence is, "The

20     defendant may exercise that dominion and control either directly

21     or through others."

22              THE COURT:  Right.  Okay.  My understanding is as long

23     as the Government proves that "the defendant was aware of and

24     knew of the firearm's presence," we have that.  "if he had the

25     ability to exercise dominion and control."  We have that.
```

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334)  313-7185 / mitchellreisner@yahoo.com

1          My concern is the last element, that he had the intent

2     to later exercise dominion and control.  It's the intent element

3     that bothers me.

4          MR. SCHIFF:  Your Honor, I think there is also a

5     concept of exercising dominion and control over the location

6     where the firearm is.  This is --

7          THE COURT:  It says "Dominion and control over the

8     firearm." "the intent to exercise dominion and control over the

9     firearm."  "Later exercise dominion and control."  You have to

10    have some intent.  You can't just be in the room with a firearm.

11         MR. SCHIFF:  I'm looking at the case that Mrs. Wilkins

12    cited which refers to -- it says "constructive possession can be

13    established by showing that a defendant had dominion and control

14    over the premises in which a firearm was located."

15         THE COURT:  That may prove the elements, but he denies

16    that he had the intent.

17         MR. SCHIFF:  Your Honor, I can proffer the evidence

18    that the Government present at trial which would -- He's in the

19    room, he's next to the nightstand and he's able to point out the

20    location of the gun, and is --

21         THE COURT:  All I can say is that I don't see how I can

22    take this plea if he did not have the intent to later exercise

23    dominion and control over the firearm.  He was just in the room

24    with a gun.  It's not enough.

25         MR. SCHIFF:  It could be an academic issue if the Court

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334)  313-7185 / mitchellreisner@yahoo.com

1   is inclined to impose the same sentence for violation --

2            THE COURT:  Well, I don't know if it's an academic

3   issue or not.  I'll let you all discuss it.

4            MS. WILKINS:  Will you give us just a minute?

5            THE COURT:  Certainly.

6            (Whereupon, Ms. Wilkins conferred with Mr. Schiff off

7   the record and out of the hearing of the other courtroom

8   participants.)

9            THE COURT:  Do you want to recess, Ms. Wilkins?

10           MS. WILKINS:  No, Your Honor.  I think we're ready to

11   proceed.  I'm sorry.

12           THE COURT:  Okay.  Where are we, Mr. Schiff?

13           MR. SCHIFF:  A couple more facts.

14           THE COURT:  Okay.

15           MR. SCHIFF:  Sir, there were two guns in the room that

16   night, correct?

17   A.  Yes, there was.

18           MR. SCHIFF:  And the other individual bought both of

19   those guns?

20   A.  Yes.

21           MR. SCHIFF:  And you understood the purpose of the guns

22   was to provide protection, correct?

23   A.  Yes.

24           MR. SCHIFF:  And there was also drugs in the room that

25   night?

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334) 313-7185 / mitchellreisner@yahoo.com

1    A.  Yes, sir.

2          MR. SCHIFF:  And if something had gone wrong, if

3    somebody tried to rob you of the drugs, or something along those

4    lines, would you have been in a position to and be willing to

5    have taken control over those guns to protect yourself?

6    A.  Yes, sir.

7          THE COURT:  I accept that.

8          MR. SCHIFF:  Thank you.

9          THE COURT:  The Court accepts that factual basis.

10         What is your plea, then, to the charges contained in

11   the revocation petition, guilty or not guilty?

12   A.  Guilty, Your Honor.

13         THE COURT:  It is the finding of the Court that the

14   defendant, Zachery W. Holley, is fully competent and capable of

15   entering an informed plea and that his plea of guilty is a

16   knowing and voluntary plea supported by an independent basis in

17   fact as to each of the charges contained in the petition.  The

18   defendant's plea is therefore accepted by the Court, and it is

19   the order, judgment and decree of the Court that the defendant

20   is guilty of all of the charges contained in the revocation

21   petition.

22         Are we ready for sentencing?

23         MS. WILKINS:  Yes, Your Honor.

24         The defendant would like to say something before

25   sentencing, Your Honor.

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334)  313-7185 / mitchellreisner@yahoo.com

 1            THE COURT:  Okay.  Just a minute, then.  Just a moment.

 2            Okay, I'll hear from you now.

 3            THE DEFENDANT:  First I'd like to say I'm sorry.  Sorry

 4     for the embarrassment to myself and to my family.

 5            I'd like to say thank you to you, Your Honor, for yet

 6     another chance at life, and to apologize to Ms. Wilcox.

 7            I'm sorry that I let you down, and I took your kindness

 8     for granted.  Please forgive me.

 9            Thank you, Your Honor.

10            THE COURT:  So why did you get in all this trouble

11     again?

12            THE DEFENDANT:  My addiction led me to --

13            THE COURT:  Are you addicted to meth?

14            THE DEFENDANT:  Yes, sir, I am.

15            THE COURT:  What are you going to do about your

16     addiction?

17            THE DEFENDANT:  Hopefully, once I get through with this

18     imprisonment, I can move away.  Actually, there is a place in

19     Texas.  I talked to Mr. Kennedy at the One Eighty House, he said

20     he would gladly take me.  So I could move away from this state

21     and start my life over to be clean.

22            THE COURT:  How did you become addicted to meth?

23     A.  I actually started back in nineteen ninety-nine when I first

24     started using.  That's been my drug of choice ever since.

25            THE COURT:  Okay.  The Court finds that the violations

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334) 313-7185 / mitchellreisner@yahoo.com

1  constitute a Grade B violation as stated in Section seven B one

2  point one of the guidelines, and that your criminal history

3  category was determined at the time of sentencing to be a

4  category six.  You have the highest, long criminal history,

5  don't you?

6  A.  Yes, sir.

7          THE COURT:  The range of imprisonment applicable for

8  revocation under the advisory guideline is twenty-one to

9  twenty-seven months; however, the maximum term of imprisonment

10  pursuant to Subsection E three of Section three five A three of

11  Title Eighteen of the United States Code is two years less

12  fifty-eight days.

13          On the Court's finding of guilt as to violations one,

14  two, three and four of the amended petition, it is ordered that

15  the term of supervised release imposed on September

16  twenty-eight, two thousand eleven is revoked.  The Court finds

17  that you have been in possession of a firearm as defined in

18  Section nine two one of Title Eighteen of the United States

19  Code; therefore, pursuant to Subsection G of Section thirty-five

20  eighty-three of Title Eighteen of the United States Code the

21  term of supervised release is revoked and you are required to

22  serve a term of imprisonment.

23          The Court finds that you refused to comply with drug

24  testing, thereby violating the condition imposed by Subpart D of

25  Section three five A three of Title Eighteen, United States Code

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334)  313-7185 / mitchellreisner@yahoo.com

1   and, therefore, pursuant to Subpart G of Section three five A

2   three of Title Eighteen of the United States Code the term of

3   supervision -- the term of supervised release is revoked, and

4   you are required to serve a term of imprisonment.

5        The Court having considered and consulted Chapter Seven

6   of the sentencing guidelines and evaluated the reasonableness of

7   a sentence through the lens of Section three five five three of

8   Title Eighteen, it is the order, judgment and decree of the

9   Court that the defendant is committed to the custody of the

10  Federal Bureau of Prisons to be imprisoned --

11       The *Plea Agreement* is for two years less fifty-eight

12  days, isn't it?

13            THE PROBATION OFFICER:  Yes, Your Honor.

14            THE COURT:  You had twenty-two months, Your Honor.

15            THE PROBATION OFFICER:  Yes, sir, we thought that would

16  be simpler when making the recommendation which was done prior

17  to the agreement.

18            THE COURT:  That it is the order, judgment and decree

19  of the Court that the defendant is committed to the custody of

20  the Federal Bureau of Prisons to be imprisoned for two years

21  less fifty-eight days.

22       The Court recommends to the Federal Bureau of Prisons

23  that the defendant be designated to a facility where substance

24  abuse treatment is available.

25            Now I ask you at this time, Mr. Holley, are there any

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334) 313-7185 / mitchellreisner@yahoo.com

1    objections to the sentence imposed or to the manner in which the

2    Court pronounced it, other than those objections previously

3    stated for the record?  For example, do you have any objection

4    to the Court's ultimate findings of fact or conclusion of law?

5    Furthermore, you are instructed that if you have an objection

6    you must not only state the objection you must give the grounds

7    for the objection.

8              MS. WILKINS:  The defendant has no objection.

9              THE COURT:  Mr. Holley, do you have anything to say as

10   to why this sentence as announced should not be imposed, or do

11   you have anything to say in mitigation of the sentence?

12   A.  No, sir.

13             THE COURT:  It is the order, judgment and decree of the

14   Court that the sentence as announced is hereby imposed.

15             Now to the extent that you have a right to appeal, you

16   have fourteen days to file any notice of appeal.  If you cannot

17   afford the cost of an appeal, the Court will allow you to appeal

18   at no cost including furnishing you with a free be transcript

19   and a free attorney.

20             You are in the custody of the Marshal.

21             Anything else?

22             MS. WILKINS:  No, Your Honor.

23             THE COURT:  Mr. Schiff?

24             MR. SCHIFF:  No, Your Honor.  That is the only matter I

25   have today.  May I be excused?

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334)  313-7185 / mitchellreisner@yahoo.com

1          THE COURT:  Thank you.  You are excused.

2          MS. WILKINS:  May I be excused also?

3          THE COURT:  Yes, Ms. Wilkins, you're excused as well.

4          MS. WILKINS:  Thank you.

5          (Whereupon, the proceedings were concluded.)

6                    * * * * * * * *

7

8              **COURT REPORTER'S CERTIFICATION**

9

10    I certify that the foregoing is a correct transcript from

11 the record of the proceedings in the above-entitled matter as

12 prepared by me to the best of my ability.

13

14    I further certify that I am not related to any of the

15 parties hereto, nor their counsel, and I have no interest in the

16 outcome of said cause.

17

18     Dated on this 18th day of May 2012.

19

20                              /S/ Mitchell P. Reisner
                                Official Federal Court Reporter
21                              Registered Merit Reporter
                                Certified Realtime Reporter
22

23

24

25

**MITCHELL P. REISNER, RMR, CRR**
Official Federal Court Reporter
U. S. District Court for the Middle District of Alabama
(334) 313-7185 / mitchellreisner@yahoo.com